[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for breach of contract and an accounting disguised as a divorce. The parties were married on January 1, 1995 and were separated approximately two and a half years later. From the wife's perspective, the husband's principal fault was that he did not adhere to the business plan they had developed to manage their marriage.
At the time of the marriage, the husband had four children, including two adult children then in college and two living at home. Partly because of his obligation to pay tuition for his daughters, the husband was deeply in debt. The wife, in contrast, had no debt except for a home mortgage and a car loan. The business plan called principally for the husband to sell his home and some of his personal possessions, using the proceeds to pay the mortgage and more than $30,000.00 of his personal debt CT Page 8680 and to limit his payments for tuition and automobile leases to five years for his oldest daughter and four years for his second. He did not keep those promises. For example, each of the daughters took longer to complete college than had been contemplated and the husband paid for their continuing expenses.
Both parties improved their respective positions during the marriage. The wife's net worth increased while the husband's indebtedness (except for education loans for his children) decreased. Part of the reason for the husband's ability to reduce his debt was that he was not making any significant contribution to the household for a large portion of the marriage. However, although he is now indebted for the most part only for educational loans, he has given up the home he shared with his children. The wife argues correctly that he knew all along of her plans to live in her own home and accepted the marriage with that knowledge. He did not accept the arrangement, however, knowing that he would end up in just over two years with neither a home nor a marriage. In fact, the parties agreement required him to sell his home and to devote his resources to reducing the debt. A retrospective analysis of the husband's payment of his debt rather than household expenses is simply not. useful in the context of the parties' expectations at the time. Had the marriage lasted, the business plan would most likely have worked, except for a few glitches such as extra tuition payments and the unusual (though insignificant) sporting expenses for his teenaged son. The marriage, however, could not last, principally because of the wife's obsession with a rigid adherence to the plan.
Both parties gained something tangible during this marriage; each lost something both tangible and intangible. Those gains and losses are not unusual in marriages, and they cannot be sorted out with the mathematical certainty urged by the wife. The court's duty is to do equity in accordance with the statutory criteria set forth in Sections 46b-62, 82, and 84 and the relevant case law. Based on the facts that have been found and those criteria, the following orders will enter.
1. The marriage of the parties has broken down irretrievably and it is therefore dissolved.
2. The wife shall not pay the husband alimony. The husband shall pay the wife alimony in the amount of $1.00 per year until his obligation to make the additional payments set forth herein has been satisfied.
3. The husband shall hold the wife harmless and indemnify her on account of any and all costs associated with her lease for his benefit of a Mitsubishi Gallant, and in addition shall repay to her the sun of $2,685.48 for payments she made on that vehicle, all costs for the CT Page 8681 vehicle after April 12, 2000, and any penalties, costs of collection, or attorney fees in connection with the lease. The wife shall appoint the husband her attorney-in-fact for the purpose of negotiation the terms of the termination of the lease.
4. The husband shall pay the wife $2,499.00 for bills of his she paid and $910.00 for a loan she made to the defendant's brother.[1]
5. The husband shall pay the wife $750.00 for her attorney fees in connection with motion #106-00 and $3,000.00 in attorney's fees for the action.
6. The husband shall have an oriental rug of his choice from the household, one painting and two prints. If the parties are unable to agree on the art, they shall return to court. The court will retain jurisdiction.
7. Both parties will be solely responsible for the debts on their financial affidavits.
8. Both parties will retain all assets in their possession except as set forth herein.
Judgment will enter accordingly.
BY THE COURT,
GRUENDEL, J.